IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS RANDALL, JR. and<br>JANET ZWAHLEN, | |
| Plaintiffs, | No. 2:12-CV-2689-KJM-EFB-PS |
| vs. | |
| THE DAVIS JOINT SCHOOL DISTRICT,<br>et al., | |
| Defendants. | ORDER |

Plaintiffs, proceeding pro se, filed a motion for a temporary restraining order in the above-captioned action on November 1, 2012.  (ECF 1.)

Plaintiffs have not filed the documents required by Local Rule 231(c). Specifically, plaintiffs have not filed a brief on all relevant legal issues presented by the motion; an affidavit in support of the existence of an irreparable injury; an affidavit detailing the notice to the affected parties or counsel or showing good cause why notice should not be given; a proposed temporary restraining order with a provision for a bond; a proposed order with blanks for fixing the time and date for hearing the motion, the date for filing responsive papers, the amount of the bond, if any, and the date and hour of issuance.  Plaintiffs have in the alternative not alleged the impossibility of filing the above-listed documents.

1

1   Moreover, because plaintiffs did not comply with these requirements, the court
2 cannot adequately assess plaintiffs' request for relief.  In determining whether to issue a
3 temporary restraining order, a court applies the factors that guide the evaluation of a request for
4 preliminary injunctive relief: whether the moving party "is likely to succeed on the merits, . . .
5 likely to suffer irreparable harm in the absence of preliminary relief, . . . the balance of equities
6 tips in [its] favor, and . . . an injunction is in the public interest."  *Winter v. Natural Res. Def.*
7 *Council, Inc.*, 555 U.S. 7, 20 (2008); *see Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240
8 F.3d 832, 839 n.7 (9th Cir. 2001) (stating that the analysis for temporary restraining orders and
9 preliminary injunctions is "substantially identical").  The court lacks sufficient information to
10 determine whether plaintiffs are likely to succeed on the merits or will suffer immediate
11 irreparable harm.  A temporary restraining order may be issued upon a showing "that immediate
12 and irreparable injury, loss, or damage will result to the movant before the adverse party can be
13 heard in opposition."  FED. R. CIV. P. 65(b)(1)(A).  The purpose of such an order is to preserve
14 the status quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and
15 no longer."  *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974).
16   For these reasons, plaintiffs' request is DENIED.  If plaintiffs wish to renew their
17 request for a temporary restraining order, they are hereby ordered to file the above-listed
18 documents on or before November 15, 2012.
19   IT IS SO ORDERED.
20 DATED:  November 7, 2012.

UNITED STATES DISTRICT JUDGE