1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   THOMAS RANDALL, JR.,
     JANET ZWAHLEN,
11
              Plaintiffs,                         No. 2:12-CV-2689-KJM-EFB-PS
12
         vs.
13
     THE DAVIS JOINT SCHOOL DISTRICT,
14   et al.,

15            Defendants.                         ORDER

16   _____/

17            Plaintiffs, proceeding pro se, filed a motion for a temporary restraining order

18   ("TRO") in the above-captioned action on November 1, 2012. (ECF 1.)  Plaintiffs sought to halt

19   the implementation of Davis Joint School District Measure E ("measure"), which had yet to be

20   voted on, based upon the Federal Plain Writing Act, the Equal Protection Clause of the

21   Fourteenth Amendment, and California Government Code 6219.  (*Id.* ¶ 1.)  This court deferred

22   ruling on the TRO until the measure was voted on, as plaintiffs sought to enjoin only the

23   measure's implementation.  On November 7, 2012, after the measure was approved, this court

24   denied plaintiffs' motion without prejudice for failing to comply with Local Rule 231(c).  (ECF

25   4.)  Plaintiffs had not filed all of the required documents, including a brief on all relevant legal

26   issues, so that this court could determine whether plaintiffs merited the requested relief.  The

                                            1

1  court granted plaintiffs leave to renew their motion by filing the required documents within one

2  week, by November 15, 2012.  (*Id.*)  Invoking 28 U.S.C. § 144 and § 455, plaintiffs responded

3  with this motion to disqualify the undersigned on November 9, 2012.  (ECF 8.)

4            Recusal under § 144 and § 455 is subject to the same standard: "whether a

5  reasonable person with knowledge of all the facts would conclude that the judge's impartiality

6  might reasonably be questioned." *United States v. Hernandez,* 109 F.3d 1450, 1453-54 (9th Cir.

7  1997) (internal quotations and citations omitted). "[J]udicial rulings alone almost never

8  constitute a valid basis for a bias or partiality motion."  *Liteky v. United States,* 510 U.S. 540,

9  555 (1994); *see also United States v. Johnson,* 610 F.3d 1138, 1148 (9th Cir. 2010) ("Adverse

10  findings do not equate to bias.").  This is because the alleged bias generally must "stem from an

11  'extrajudicial source'" to be disqualifying.  *Hernandez*, 109 F.3d at 1454 (quoting *Liteky v.*

12  *United States,* 510 U.S. 540, 554-56 (1994)).  In the absence of an extrajudicial source, recusal is

13  required only upon a showing of "a deep-seated favoritism or antagonism that would make fair

14  judgment impossible." *Liteky*, 510 U.S. at 555.  The law provides that the decision regarding

15  recusal is made by the judge whose recusal is sought. *See, e.g.*, 28 U.S.C. § 455 ("Any . . . judge

16  . . . shall disqualify himself in any proceeding in which his impartiality may reasonably be

17  questioned."); *United States v. Carolina Cas. Ins. Co.*, No. 08-CV-01673-H KSC, 2012 WL

18  1229885 (S.D. Cal. Apr. 12, 2012) (the judge whose recusal was sought under § 144 and § 455

19  ruled her recusal was not required).

20            Plaintiffs contend the denial of their motion constitutes evidence of bias and

21  prejudice.  Plaintiffs aver that they filed only a complaint against defendants and had only begun

22  the process of following this district's TRO procedures.  (ECF 8 ¶¶ 3-4.)  The complaint filed on

23  November 1, 2012, plaintiffs contend, is only a framework for a TRO, should one become

24  necessary. (*Id.* ¶ 3.)  Additionally, plaintiffs argue that this court ruled on their motion before

25  the official results for the ballot measure had issued.  (*Id.* ¶ 4.)  This court also set a one-week

26  deadline for a renewal TRO; plaintiffs find this deadline impossible to meet as they intend to ask

1   defendants to stipulate to a TRO or to accept an alternative resolution.  (*Id.* ¶ 6.)  Therefore,

2   plaintiffs aver the denial of their "motion" — a filing plaintiffs intended to be a "framework"

3   complaint — was premature and unfair.  Even if this court's denial of plaintiffs' "motion" was a

4   misunderstanding or a technical mistake, plaintiffs argue, any reasonable person would still find

5   this judge to be biased.  (*Id.* ¶ 5.)  Therefore, plaintiffs request that she be disqualified under 28

6   U.S.C. § 144 and § 455.  (*Id.*)

7           This court's November 7, 2012 denial of plaintiffs' TRO filing would not cause a

8   reasonable person to question the undersigned's impartiality.  *See Hernandez,* 109 F.3d at 1453-

9   54.  Rather, a reasonable person would observe that plaintiffs filed a document entitled

10  "Complaint for Temporary Restraining Order . . . ," that was docketed as a motion for a TRO.  A

11  reasonable person would also note plaintiffs' request for this court to issue a "temporary,

12  preliminary, and permanent injunction," which this court construed as a motion for a TRO.

13  (ECF 1 at 13.)  Plaintiffs' only evidence of bias is this court's ruling, which alone cannot equate

14  to bias.  *Liteky*, 510 U.S. at 554; *Johnson,* 610 F.3d at 1148.  Plaintiffs' averment now that they

15  informed the court that their November 1, 2012 document was only a complaint, not a motion for

16  a TRO, also does not serve as evidence of bias, as the undersigned never learned of this

17  direction.  (ECF 8 ¶ 3.)  Having now received this clarification, the court will vacate its prior

18  order addressing a TRO.  Plaintiffs have shown neither an extrajudicial source of bias nor that

19  the undersigned displayed "a deep-seated favoritism or antagonism that would make fair

20  judgment impossible."  *Liteky,* 510 U.S. at 555.

21          Plaintiffs' motion for disqualification is DENIED.  Plaintiffs' November 1, 2012

22  filing will be construed as the complaint in this action.  This court's prior denial of a TRO and

23  /////

24  /////

25  /////

26  /////

1 | November 15, 2012 deadline for a renewal TRO is VACATED.  Plaintiffs may file a TRO

2 | motion complying with Local Rule 231 in the future if they wish.

3 |         IT IS SO ORDERED.

4 | DATED:  December 14, 2012.

5

6

7 |                 UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26