IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS RANDALL, JR., *et al.*,

    Plaintiffs,               No. CIV 2:12-cv-2689 KJM AC PS

  vs.

DAVIS JOINT UNIFIED SCHOOL DISTRICT, *et al.*,

    Defendants.           <u>ORDER</u>

        This action was referred to the undersigned pursuant to Local Rule 302(c)(21). On November 26, 2012, defendants filed a motion to dismiss pursuant to Rules 12(b)(1), (6) and 12(f) of the Federal Rules of Civil Procedure. On January 7, 2013, the court continued this hearing due to the plaintiffs' failure to file an opposition. Plaintiffs have now filed an opposition to the motion to dismiss, as well as a motion for leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a)(2), which they set for hearing on January 16, 2013. Plaintiffs have not attached a copy of their proposed amended complaint, and defendants have not responded to plaintiffs' motion.

        A plaintiff may amend the complaint once as a matter of course within twenty-one days after serving it or within twenty-one days after service of an answer or motion

under Rule 12(b), (e), or (f), whichever is earlier.  See Fed. R. Civ. P. 15(a)(1).  When a party may no longer amend a pleading as a matter of right under Rule 15(a)(1), the party must either petition the court for leave to amend or obtain consent from the adverse parties.  Fed. R. Civ. P. 15(a)(2); Keniston v. Roberts, 717 F.2d 1295, 1300 (9th Cir. 1983).  Rule 15(a)(2) instructs courts to "freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2); Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 1007 (9th Cir. 2009).  "This policy is to be applied with extreme liberality."  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003); Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001).  "This liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties."  DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).

Here, plaintiffs seek to amend their complaint to address the deficiencies identified in defendants' motion to dismiss.  Plaintiffs have not obtained the consent of the defendants to amend.  Accordingly, they ask the court for leave to amend on the grounds that they have proceeded in good faith to represent themselves, the defendants will not be prejudiced by the amendment, and they seek the amendment so as "to clarify and be more specific on their allegations."

The court is cognizant of Rule 15(a)(2)'s directive to freely grant leave to amend when justice so requires.  Nonetheless, plaintiffs' motion must be denied because they failed to comply with Local Rule 137(c), which provides, in part, "If filing a document requires leave of court, *such as an amended complaint after the time to amend as a matter of course has expired*, counsel shall attach the document proposed to be filed as an exhibit to moving papers seeking such leave and lodge a proposed order as required by these Rules."  (Emphasis added.)  The court has examined plaintiffs' motion for leave to amend and does not find an attached proposed amended complaint.  For this reason, plaintiffs' motion will be denied without prejudice. Plaintiffs may, however, file a renewed motion to amend that complies with Local Rule 137©. //

2

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The January 16, 2013 hearing on plaintiffs' motion for leave to amend is vacated[1]; and

2. Plaintiffs' January 7, 2013 motion for leave to amend is denied without prejudice.

DATED: January 11, 2013.

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

/mb;rand2689.amend

---

[1] The court also notes that plaintiffs' notice of hearing on their motion to amend fails to comply with Local Rule 230(b), which provides that a motion shall be heard not less than twenty-eight days after service and filing of the motion. In this case, plaintiffs filed their motion on January 7, 2013 and set it for hearing one week later on January 16, 2013. This is much less than twenty-eight days. Furthermore, while a party may have a motion heard on shortened time, plaintiffs failed to file an application to shorten time as required by Local Rule 144(e). The court has now identified three Local Rules with which plaintiffs have failed to comply. Plaintiffs are thus strongly advised to review the Eastern District of California's Local Rules, available at www.caed.uscourts.gov, before proceeding with this litigation.

3