IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS RANDALL, JR., *et al.*,

    Plaintiffs,    No. CIV 2:12-cv-2689 KJM AC PS

    vs.

DAVIS JOINT UNIFIED SCHOOL DISTRICT, *et al.*,

    Defendants.    <u>ORDER</u>

    This action was referred to the undersigned pursuant to Local Rule 302(c)(21). On January 28, 2013, plaintiffs filed their third motion for leave to amend their complaint, scheduled for hearing on February 27, 2013. Plaintiffs' previous two motions to amend were denied without prejudice for their failure to comply with Local Rule 137(c)'s requirement that a copy of the proposed amended complaint be attached to the motion. Because plaintiffs have now provided the court with a copy of their proposed amended complaint, the court will proceed to the merits of plaintiffs' motion. Also pending is defendants' motion to dismiss and motion to strike the complaint, scheduled for hearing on February 20, 2013.

    A plaintiff may amend the complaint once as a matter of course within twenty-one days after serving it or within twenty-one days after service of an answer or motion

under Rule 12(b), (e), or (f), whichever is earlier.  See Fed. R. Civ. P. 15(a)(1).  When a party may no longer amend a pleading as a matter of right under Rule 15(a)(1), the party must either petition the court for leave to amend or obtain consent from the adverse parties.  Fed. R. Civ. P. 15(a)(2); Keniston v. Roberts, 717 F.2d 1295, 1300 (9th Cir. 1983).  Rule 15(a)(2) instructs courts to "freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2); Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 1007 (9th Cir. 2009).  "This policy is to be applied with extreme liberality."  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003); Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001).  "This liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties."  DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).

In Foman v. Davis, 371 U.S. 178 (1962), the Supreme Court offered several factors for district courts to consider in deciding whether to grant a motion to amend under Rule 15(a):

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'

Foman, 371 U.S. at 182; see also Smith v. Pac. Prop. Dev. Co., 358 F.3d 1097, 1101 (9th Cir. 2004) (citing Foman factors).  "Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Eminence Capital, 316 F.3d at 1052.

Here, plaintiffs seek to amend their complaint to address the deficiencies identified in defendants' motion to dismiss.  Plaintiffs have not obtained the consent of the defendants to amend.  Accordingly, they ask the court for leave to amend on the grounds that they have proceeded in good faith to represent themselves, the defendants will not be prejudiced by the amendment, and they seek the amendment so as "to clarify and be more specific on their

allegations." Defendants have not filed an objection.

On review of the proposed amended complaint and the docket in this case, the court finds that the plaintiffs are not acting in bad faith, are not causing undue delay, and do not have a dilatory motive. The court further finds that allowing plaintiffs leave to amend would not unduly prejudice defendants. Accordingly, plaintiffs' motion for leave to amend will be granted.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiffs' January 28, 2013 motion for leave to amend is granted;

2. The February 27, 2013 hearing on plaintiffs' motion for leave to amend is vacated;

3. Defendants' November 26, 2012 motion to dismiss and motion to strike is denied without prejudice;

4. The February 20, 2013 hearing on defendants' motion to dismiss and motion to strike is vacated;

5. Defendants shall file a response to plaintiff's amended complaint within twenty-one days from the date of this order.

DATED: January 30, 2013.

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

/mb;rand2689.amend3